FILED
JUL 03 2012
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RICHARD V. LITSCHEWSKI, | CIV. 11-4119 |
| Petitioner, | **ORDER** (Motions for Appointment of Counsel, Docs. 8 and 14; Motion to Consolidate, Doc. 19; Motion for Supplemental Pleadings, Doc. 18; Motion to Authorize Discovery, Doc. 24) |
| -vs- | |
| WARDEN ROBERT DOOLEY, Administrator, Mike Durfee State Prison; | |
| Respondent. | and |
| | **REPORT and RECOMMENDATION** (Motion to Dismiss, Doc. 10; Motion For Partial Summary Judgment, Doc. 15) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Richard Virgil Litschewski ("Litschewski"), an inmate at the Mike Durfee State Prison, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 2, 2011.

## PROCEDURAL HISTORY

In September, 1997, Litschewski was found guilty by a jury of: Count I: Third Degree Rape; Count II: First Degree Rape; and Count III: Sexual Contact with a Minor Child. He was sentenced to consecutive sentences totaling 27 ½ years imprisonment. Litschewski's conviction was affirmed on appeal by the South Dakota Supreme Court. *See State v. Litschewski*, 590 N.W.2d 899 (S.D. 1999).

Litschewski has filed at least four state habeas petitions. *See Litschewski v. Weber*, Civ. 03-93 Walworth County, Fifth Judicial Circuit, South Dakota; *Litschewski v. Weber,* Civ. \_\_\_\_ (Filed April 6, 2006) Walworth County, Fifth Judicial Circuit, South Dakota; *Litschewski v. South Dakota Department of Corrections,* Civ. 09-87, Bon Homme County, South Dakota, Fifth Judicial Circuit,

South Dakota;[1] *State v. Litschewski*, 807 N.W.2d 230 (S.D. 2011).[2] Litschewski has also filed two previous federal habeas petitions. *See* Civ. 08-1002 and Civ. 08-4100 (United States District Court, District Of South Dakota), which were both dismissed as untimely.

## FACTUAL BACKGROUND

Ordinarily, the purpose of a § 2254 Petition is to give a state prisoner the opportunity to allege he is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Litschewski explains on page three of his petition that he is not challenging the constitutionality of his conviction, but rather he is challenging the manner in which the South Dakota Department of Corrections has re-calculated his good time credits. *See* Doc. 3, p.3.

On November 26, 2008, Litschewski received a Memo dated November 14, 2008 from the Central Records department within the Department of Corrections. The Memo stated "Please note date changes below due to receiving clarification that this sentence was to be reated (sic) as three separate felonies." *See* Doc. 11, Ex 2. Specifically, because of the revised calculations, Litschewski asserts he lost approximately two and one half years of good time compared to the manner in which good time credits had previously been calculated. On April 2, 2009, Litschewski began filing internal prison grievances to protest the revised good time calculations. *See* Doc. 11, EX 4. On April 28, 2009, Susan Jacobs (the SDSP administrative remedy request coordinator) notified Litschewski that his request for administrative remedy had been rejected as untimely. *Id.* EX 6. Litschewski appealed to the Secretary of Corrections, Tim Reisch. On June 29, 2009, Reisch notified Litschewski that his good time credits were calculated correctly but that he may appeal to the Board of Pardons and Paroles regarding his parole eligibility. *Id.* EX 11. Litschewki appealed

---

[1] It is the Bon Homme County state habeas case which forms the basis of Litschewski's claims in the instant § 2254 petition.

[2] *State v. Litschewski*, 807 N.W.2d 230 (S.D. 2011) was filed in June 1010. The subject matter of this state habeas is the authority of the state court to order Litschewski's sentence for Count II to run consecutively to Count I, because chronologically, the crime for Count I occurred after the crime for Count II. The South Dakota Supreme Court held that because the Third Degree Rape (Count I) was the offense that occurred first in time, that sentence could not be ordered to run consecutive to a subsequent offense under the version of the sentencing statute (SDCL 22-6-6.1) that was in effect at the time Litschewski was sentenced. On December 21, 2011, the South Dakota Supreme Court remanded the case back to the state circuit court for further proceedings. It is unclear from the record whether the state circuit court has yet issued a revised sentence.

the Department of Corrections' administrative denials to the South Dakota Circuit Court. (*Litschewski v. South Dakota Department of Corrections* Civ. 09-87, First Judicial Circuit, Bon Homme County, South Dakota). A copy of Litschewski's Complaint in *Litschewski v. South Dakota Department of Corrections* Civ. 09-87 First Judicial Circuit, Bon Homme County, South Dakota does not appear in the record, but the Respondent's have represented to the Court that it was filed in the state circuit court on July 30, 2009. Respondent's Brief, Doc. 11 at p. 6. On January 28, 2010, the Court entered an Order denying Litschewki's state habeas claim. The state court found that Litschewski's failure to follow DOC policy regarding timely grievances and administrative remedy requests deprived the state circuit courts of jurisdiction to hear the appeal under South Dakota's administrative procedure act, SDCL Chapter 1-26. *See* Doc. 11, EX 12 and 13. On August 30, 2010, The South Dakota Supreme Court affirmed. *Id.* EX 15. Litschewski mailed the instant § 2254 petition on August 22, 2011.[3]

## DISCUSSION

### 1.   Litschewski's Motion for Appointment of Counsel (Doc. 8 & 14)

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2254. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. *Id.*

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

**18 U.S.C. § 3006A(a)(2)(B):**

(2)   Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who—
\*\*

---

[3]The record reflects Litschewski placed the petition in the prison mail system on August 22, 2011. It is postmarked on August 23, 2011 and file-stamped on August 24, 2011.

> (B) is seeking relief under section 2241, 2254, or 2255 of title 28.
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8( c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. *Hoggard,* 29 F.3d at 471 (citations omitted). In this case, no evidentiary hearing is necessary, because the claims Petitioner makes here are identical to those he made at the state court level.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Id.* Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Petitioner's claims are straight forward and not legally nor factually complex. Petitioner has demonstrated his ability to present them in his pro se petition. For these reasons, Petitioner's Motion for Appointment of Counsel (Doc. 8) is **DENIED**.

### 2. Litschewski's Motion to Consolidate (Doc. 19)

Litschewski moves to consolidate this pending § 2254 petition with another pending matter in federal court, Civ. No. 11-4105. The other pending matter, however, is a civil rights case brought pursuant to 42 U.S.C. § 1983. The claimed factual and legal basis for the § 1983 action (denial of a visit by Litschewski's relative or relatives) are unrelated to the claimed factual and legal basis for this §2254 petition. The Motion to Consolidate (Doc. 19) is **DENIED**.

### 3. Litschewski's Motion for Supplemental Pleadings (Doc. 18) and Motion to Authorize Discovery(Doc. 24)

Litschewski moves to supplement the pleadings with examples of other instances in which good time credits have been calculated differently from the manner in which the Respondents have calculated his good time credits (Doc. 18). In his Motion to Authorize Discovery (Doc. 24), Litschewski requests the same materials because he believes they will show "differents (sic) of treatment, and methods of between prisoners with multiple felonies of consecutive sentence with similarly situated under old system law credits of good time . . ." For the reasons explained below, Litschewski's § 2254 claim is barred by the one year AEDPA statute of limitations. His Motion for Supplemental Pleadings (Doc. 18) and Motion to Authorize Discovery (Doc. 24) are therefore **DENIED.**

### 4. Respondent's Motion to Dismiss (Doc. 10)

The Eighth Circuit has specifically held that a state prisoner's allegations that corrections officials have unconstitutionally deprived him of good time credits is cognizable under 28 U.S.C. § 2254. *Jensen v. Satran*, 651 F.2d 605, 607 (8th Cir. 1981). Such a challenge, however, is subject to the one year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The pertinent part of the Act, 28 U.S.C. § 2244(d) provides:

28 U.S.C. § 2244(d):

> (1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

>            Supreme Court if the right has been newly
>            recognized by the Supreme Court and made
>            retroactively applicable to cases on collateral
>            review; or
>
>    **(D)**   the date on which the factual predicate of the
>            claim or claims presented could have been
>            discovered through the exercise of due
>            diligence.
>
> **(2)** The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

"The [DOC] is not a state court, and the application of good conduct time is not a judgment." *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991). "Therefore, the court does not look to the date of the criminal conviction for purposes of the statute of limitations. Rather, the court must look to the factual predicate upon which [Litschewski's] petition is based." *Foley v. Cockrell*, 222 F.Supp.2d 826, 828 (N.D. Tex. 2002). *See also West v. Dooley*, Civ. 11-1014, (D.S.D.) Doc. 15. Here, as in *West*, the factual predicate is based on the DOC's alleged miscalculation of good time credits. In this case, the date of the alleged miscalculation is clear: the November 14, 2008 Memo which was received by Litschewski on November 26, 2008.

Beginning on April 2, 2009, Litschewski filed internal grievances to dispute the "revised" good time credit calculation, but his grievances were rejected as untimely pursuant to the DOC grievance procedure. Litschewski received a "Notice of Rejection of Request for Administrative Remedy" from Susan Jacobs (Administrative Remedy Coordinator) dated April 28, 2009. Litschewski appealed to the Secretary of Corrections (Tim Reisch), who in a letter dated June 29, 2009, also rejected Litschewski's claims. The following dates, therefore, are potentially relevant to the AEDPA one year limitation:

- At the very latest, DOC's final decision (Reisch's letter) denying Litschewski's challenge to the re-calculation of his good time credits was dated **June 29, 2009.**
- Although a copy of Litschewki's state court Complaint does not appear in the record, the Respondents have represented to the Court that it was filed on **July 30, 2009.**
- The state court, the Honorable Glen Eng, denied Litschewski's claim because it lacked subject matter jurisdiction. The South Dakota Supreme Court affirmed on **August 30, 2010.**
- Petitioner mailed his federal § 2254 Petition on **August 22, 2011.**

6

Incorporating these dates, the time counted against the one year AEDPA statute of limitations is as follows:

| | |
|---|---:|
| From June 29, 2009 until July 30, 2009 (time period between final DOC decision and filing of state court proceedings): | 32 days |
| From August 30, 2010 until August 22, 2011 (time period between South Dakota Supreme Court denial and placing of § 2255 petition in the mail to federal court) | 358 days |
| **TOTAL:** | **390 days** |

Litschewski has therefore exceeded the one year allowed by the AEDPA in which to file his §2254 petition.

The 390 day calculation, however, is incorrect because pursuant to 28 U.S.C. § 2244(d)(2) "[t]he time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (Emphasis added). Judge Eng dismissed Litschewki's state habeas petition for lack of jurisdiction because it was untimely pursuant to the South Dakota Administrative Procedure Act. A state habeas petition which is ultimately rejected by the state court as untimely is not "properly filed" for purposes of the tolling provision of the AEDPA. Therefore, "when a postconviction petition is untimely under state law, 'that is the end of the matter for purposes of § 2244(d)(2).'" *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006) *citing Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). In other words, the statute of limitations was not tolled during the time Litschewski litigated his claim in state court. In reality then, 785 days– the entire time between the DOC's final denial (June 29, 2009) and the date Litschewski mailed his federal habeas (August 22, 2011)–counts against the AEDPA statute of limitations. As such, Litschewski's claim is clearly time-barred.

Litschewski asserts the statute of limitations should be waived or tolled. Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In his Brief (Doc. 13) he asserts various reasons why he did not file his petition within the AEDPA statute of limitations. Among the reasons for his tardy petition, he cites his unfamiliarity with the law, his inability to find a lawyer to help him, and that he was

7

periodically "locked up" in the SHU (special housing unit). Litschewski also complains that his access to the law library was inconvenient because the law library changed its hours of operation and moved across campus. Litschewski also explains that his attention was distracted because "in July a much awaited visit from family not seen in over 5 years was denied on their arrival from over 1500 miles away. This forced much of the time to be concerned with this matter."

The Eighth Circuit has explained that if a prison law library makes available the necessary information regarding federal habeas applications (including the relevant statute of limitations) a prisoner "has no basis to complain that the adequacy of the library prejudiced his ability to pursue a timely application for writ of habeas corpus." *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007). The *Entzi* Court also explained that "there is no freestanding constitutional right to a particular number of hours in the prison law library" and "[prison] officials' refusal to permit [petitioner] to bring books into his cell thus did not violate the constitution." *Id.* at 1005. That Litschewski's access to the law library was not as convenient as he may have liked, therefore, does not justify equitable tolling.

A prisoner's own ignorance of the law regarding the statute of limitations, or the interaction between the AEDPA and his state proceedings, does not justify equitable tolling. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) emphasized that "prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* (citations omitted, internal punctuation altered.) Petitioners are expected to diligently pursue, monitor and investigate their own post-conviction cases. *Maghee v. Ault*, 410 F.3d 473, 476-77 (8th Cir. 2005). Simply alleging a lack of legal knowledge or understanding of the law, therefore, is insufficient to invoke equitable tolling. *Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003). Litschewski has failed to show that he diligently pursued his rights or that any extraordinary circumstances prevented him from timely filing. Equitable tolling does not apply in this case.

## CONCLUSION, RECOMMENDATION, and ORDER

For the reasons more fully explained above, it is:

**ORDERED:**

(1) Litschewski's Motions for Appointment of Counsel (Docs. 8 and 14) are **DENIED**;

(2) Litschewski's Motion to Consolidate (Doc. 19) is **DENIED**;

(3) Litschewski's Motion for Supplemental Pleadings (Doc. 18) is **DENIED**;

(4) Litschewski's Motion to Authorize Discovery (Doc. 24) is **DENIED**;

and it is respectfully **RECOMMENDED** to the District Court that

(5) Respondent's Motion to Dismiss (Doc. 10) be **GRANTED**; and

(6) Litschewski's Motion for Partial Summary Judgment (Doc. 15) be **DENIED.**

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 3 day of July, 2012.

BY THE COURT:

John E. Simko
United States Magistrate Judge