UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD LITSCHEWSKI, | ) | Civ. 11-4119-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| ROBERT DOOLEY, and | ) | |
| MARTY J. JACKLEY, Attorney | ) | |
| General of the State of South | ) | |
| Dakota, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Richard Litschewski, an inmate at the Mike Durfee State Prison, filed a petition for relief under 28 U.S.C. § 2254 on September 2, 2011. Docket 3. The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings, including evidentiary hearings, and issuing a report and recommendation for the disposition of Litschewski's § 2254 application. Docket 2.

Shortly thereafter, respondents Robert Dooley and Marty J. Jackley moved to dismiss Litschewski's habeas application on both procedural and substantive grounds. Docket 10. Litschewski opposed the motion. Docket 12, 13. Later, Litschewski filed a motion for partial summary judgment. Docket 15. Additionally, Litschewski filed a renewed motion for appointment of counsel, a

motion for supplemental pleadings, a motion to authorize discovery, and a motion to consolidate. Dockets 8, 14, 18, 19, 24.

On July 3, 2012, Magistrate Judge Simko submitted his Report and Recommendation advising that respondents' motion to dismiss (Docket 10) be granted and that Litschewski's motion for partial summary judgment (Docket 15) be denied. Docket 25. Furthermore, Magistrate Judge Simko denied Litschewski's various other motions. *Id.* On August 17, 2012, Litschewski filed a timely objection to the Report and Recommendation. Docket 28. For the reasons set forth herein, Magistrate Judge Simko's Report and Recommendation is accepted in its entirety.

## DISCUSSION

In their motion to dismiss, respondents asserted that Litschewski's habeas petition should to be dismissed because the application (1) failed to state a federal constitutional claim, and (2) was not timely filed. Docket 11. Without addressing whether Litschewski stated a federal constitutional claim, Magistrate Judge Simko concluded that Litschewski's application was time barred. Docket 25. As a result, Magistrate Judge Simko recommended that this court grant respondents' motion to dismiss and deny Litschewski's motion for partial summary judgment. *Id.*

This court's review of a magistrate judge's decision is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to

2

28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Litschewski objects to Magistrate Judge Simko's finding that Litschewski failed to file his § 2254 petition within the applicable one-year statute of limitations. Docket 28. Litschewski contends that the magistrate judge, in making such a determination, failed to recognize the prisoner mailbox rule[1] and thus perpetuated the miscalculation of time–an error that Litschewski asserts was first made by the state circuit court and later repeated by the South Dakota Supreme Court.[2] *Id.* More specifically, Litschewski contends that the state courts and Magistrate Judge Simko have based their determinations on an incorrect filing date–although his state habeas petition is time stamped July 30, 2009, he states he handed the petition to prison officials on July 17,

---

[1] Under the prison mailbox rule, a document filed by a pro se prisoner is "filed" at the time the prisoner delivers the document to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] After pursuing various administrative remedies to address what Litschewski believed was an unconstitutional determination of his good time credits, Litschewski received a final determination from the Department of Corrections on June 29, 2009, wherein the Secretary of the Department of Corrections denied Litschewski's claim and concluded that Litschewski's release dates had been calculated correctly. Docket 11, Ex. 11. Litschewski appealed this determination by filing a state habeas petition on July 30, 2009. Docket 11, 28. The circuit court dismissed the petition for lack of subject matter jurisdiction, and the South Dakota Supreme Court affirmed that decision. Docket 12, 15.

3

2009. In light of the prison mailbox rule, therefore, Litschewski believes that July 17, 2009, is the relevant date for purposes of calculating whether Litschewski's state habeas petition was time barred.

But in the instant case, the particular date on which Litschewski filed his state habeas petition is of no consequence because the circuit court did not dismiss Litschewski's petition for failing to file the petition within thirty days of the Secretary's final determination. Rather, the circuit court dismissed Litschewski's petition because Litschewski failed to timely appeal the alleged miscalculation of good time credits at the outset. Docket 11, Ex. 12. As noted in the circuit court's letter opinion, an appellant must follow the procedure established by relevant administrative agencies before the court can consider challenges to administrative decisions. *Id.* Here, pursuant to DOC Policy 1.3.E.2, Litschewski was required to request an administrative remedy within thirty days of the incident giving rise to the complaint. Litschewski was made aware of the incident on November 26, 2008. Nonetheless, Litschewski waited until April 2, 2009–more than four months after receiving notice of the incident at issue–to initiate the administrative grievance process. The circuit court therefore concluded that it did not have proper jurisdiction to consider Litschewski's challenge.[3]

---

[3] The circuit court reiterated the grounds for its denial in a January 28, 2010, order wherein Judge Glen W. Eng states that Litschewski's appeal "is denied because Litschewski failed to request an administrative remedy within 30

Similarly, as Magistrate Judge Simko has recommended, this court does not have proper jurisdiction to consider the merits of Litschewski's § 2254 application. Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to § 2254 petitions. In Litschewski's case, the one-year statute of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Other federal circuit courts "have determined that the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence–thus commencing the limitation period–is the date that the denial of his administrative appeal becomes final." *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (citations omitted).

This is only the case, however, where "a petitioner *timely* and diligently exhausts his administrative remedies." *Id.* (emphasis added). Because Litschewski did not timely exhaust his administrative remedies, the proper date from which to commence the one-year limitations period is November 26, 2008–the date on which Litschewski became aware of the alleged miscalculation of good time credit. In most circumstances, the limitations period would continue to run until Litschewski filed an application for state

---

days after the incident giving rise to his complaint, thereby depriving the Court of jurisdiction to review the decision of the Department of Corrections." Docket 11, Ex. 13.

post-conviction relief, at which time the limitations period would begin to toll. 28 U.S.C. § 2244(d)(2). In other words, in Litschewski's case, the time counted against the one-year statute of limitations would have continued to run until July 30, 2009,[4] when he filed an application for state post-conviction relief.

But as Magistrate Judge Simko noted, because Litschewski failed to timely pursue administrative remedies, Litschewski's application for state post-conviction relief was never properly filed in state court. Consequently, the time counted against the AEDPA statute of limitations began to run on November 26, 2008, and continued to run until Litschewski filed his § 2254 petition with this court on August 22, 2011, for a total of 999 days. Because "[f]iling deadlines fall on the anniversary date of the triggering event," Litschewski should have filed his § 2254 petition with this court by

---

[4] Litschewski asserts that the court should recognize July 17, 2009, as the pertinent filing date because that was the date he handed his state habeas petition to prison officials. Docket 28. Although July 17, 2009, would be the pertinent date under the federal prisoner mailbox rule, that rule does not apply here. "State law governs when a state pleading is considered filed." *Cantrell v. Norris*, 5:05CV00356, 2007 WL 772568, at *1 (E.D. Ark. Mar. 9, 2007) (citations omitted). The federal district court "has no authority to order state court clerks to adhere to the federal mailbox rule." *Id.* Consequently, the court deems July 30, 2009, to be the relevant filing date of Litschewski's state habeas petition for purposes of calculating the time counted against the one-year statute of limitations that applies to Litschewski's federal habeas petition.

November 26, 2009. *Cooper v. Hobbs*, No. 5:10CV00076, at *3 (E.D. Ark. Dec. 8, 2010). Litschewski's § 2254 petition is therefore time barred.[5]

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). But as discussed in Magistrate Judge Simko's Report and Recommendation, Litschewski has not presented legitimate grounds for waiving or tolling the applicable statute of limitations. In his objections to Magistrate Judge Simko's Report and Recommendation, Litschewski argues that he has established both elements: he has diligently pursued his rights, and he has encountered extraordinary circumstances, including "due process violations . . . , the extension, the lack of authority of administrative agency, the prison mailbox rule, refusal to file, failure to appoint counsel, records lost or taken, the prison law library not having copies of PLRA and AEDPA, the misleading of prison officials as to appeal to parole board, confusion over if [sic] is a habeas or § 1983, circuit court not recognizing right to appeal an inmates sentence discharge date to

---

[5] Because Litschewski's § 2254 petition is outside the applicable statute of limitations by more than two years, the issues raised in his objection, e.g. the date on which he received the final determination and the date on which he filed his state habeas petition, are of no consequence in this matter.

Secretary of Corrections, [and] filing rule 5(d) of district court clerk." Docket 28.

The court disagrees with Litschewski's assertion that he has been diligently pursuing his rights. Not only did Litschewski wait more than four months to seek administrative relief from the alleged miscalculation of good time credit, but it ultimately took Litschewski more than 33 months from the date he discovered the alleged miscalculation of his good time credit to file this federal habeas petition. Because the Eighth Circuit has held that much shorter periods of inactivity evidence a lack of diligence, this court cannot conclude that Litschewski has diligently pursued his rights. *See, e.g.*, *Pace*, 544 U.S. at 419 (concluding that petitioner who waited five months to file habeas petition did not establish requisite diligence); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (concluding that petitioner who waited nine months to file habeas petition did not establish requisite diligence); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (concluding that petitioner who waited eight months to file habeas petition did not establish requisite diligence).

With regard to the alleged extraordinary circumstances that have prevented Litschewski from complying with the applicable statute of limitations, the court need not address those arguments because Litschewski

has failed to establish that he has diligently pursued his rights.[6] *See, e.g.*, *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) ("We need not decide whether [petitioner] properly raised his equitable tolling argument before the district court because, even if he did, he failed to pursue his rights diligently.").

Therefore, it is

ORDERED that Magistrate Judge Simko's report and recommendation (Docket 25) is adopted. Respondents' motion to dismiss (Docket 10) is granted, and Litschewski's motion for partial summary judgment (Docket 15) is denied.

Dated September 10, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[6] The court would, however, adopt the magistrate judge's finding that explanations related to an unfamiliarity with the law, an inability to obtain counsel, or an absence of particular legal resources do not amount to the type of extraordinary circumstances that would warrant equitable tolling. *See, e.g.*, *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

9